UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GARY ALFORD,

                          Petitioner,

                                                    9:11-CV-1316
v.                                                  (GTS/ATB)

JOHN LEMPKE,

                          Respondent.
_____

APPEARANCES:                                        OF COUNSEL:

GARY ALFORD. 08-A-0339
  Petitioner, *Pro Se*
Five Points Correctional Facility
Caller Box 119
Romulus, New York  14541

HON. ERIC T. SCHNEIDERMAN                            THOMAS B. LITSKY, ESQ.
Attorney General for the State of New York           Assistant Attorney General
  Counsel for Respondent
120 Broadway
New York, New York 10271

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Gary Alford ("Petitioner") filed his petition for a writ of *habeas corpus* pursuant to 28

U.S.C. § 2254 on November 7, 2011.  (Dkt. No. 1.)  By Report-Recommendation dated

September 17, 2013, United States Magistrate Judge Andrew T. Baxter recommended that the

Petition be denied and dismissed pursuant to 28 U.S.C. § 2253(c)(2), and that a certificate of

appealability not issue.  (Dkt. No. 16.)  On October 30, 2013, Petitioner filed an Objection to the

Report-Recommendation.  (Dkt. No. 19.)  For the reasons set forth below, Magistrate Judge

Baxter's Report-Recommendation is accepted and adopted in its entirety, and the Petition is

denied and dismissed in its entirety.

# I.    RELEVANT BACKGROUND

For the sake of brevity, the Court will not repeat the factual background of Petitioner's 2008 conviction for two counts of Predatory Sexual Assault Against a Child, one count of First Degree Criminal Sexual Act, one count of First Degree Sexual Abuse, and one count of first degree Course of Sexual Conduct Against a Child.  Rather, the Court will refer the reader to the relevant portions of Magistrate Judge Baxter's Report-Recommendation, which accurately recite that factual background.  (*See generally* Dkt. No. 16.)

## A.    Petitioner's Claims

On November 7, 2011, Petitioner filed his Petition.  (Dkt. No. 1.)  Generally, the Petition asserts the following three grounds for relief:  (1) that his trial counsel was ineffective by failing to challenge the state statutes governing the indictment against him, and failing to preserve the issues for effective appellate review;  (2) that his appellate counsel was ineffective by failing to address the aforementioned omission and the overall ineffective assistance of Petitioner's trial counsel; and (3) that the trial court violated his right to present a defense and to confront witnesses against him (specifically, to present Dr. Ann Leung as an expert trial witness for the defense)  (*Id*. at Parts 12.A., 12.B., and 12.C.)

## B.    Magistrate Judge Baxter's Report-Recommendation

On September 17, 2013, Magistrate Judge Baxter issued his Report-Recommendation. (Dkt. No. 16.)  Generally, in his Report-Recommendation, Magistrate Judge Baxter made the following findings: (1) a finding that Petitioner's claim of ineffective assistance of trial counsel is procedurally barred under the circumstances; (2) a finding that Petitioner has failed to demonstrate that his appellate counsel was ineffective, largely because his appellate counsel succeeded in having two counts of the indictment dismissed, and he filed an appeal to have the

remaining counts run concurrently, which significantly decreased Petitioner's sentence (so as to render irrelevant Petitioner's claim that the counts were repetitive); and (3) a finding that the trial court, in an evidentiary hearing, correctly determined that Dr. Leung's testimony would not have created a "reasonable doubt" which did not otherwise exist, because such evidence already existed in testimony before the trial court, and the appellate court concurred that additional testimony by Dr. Leung would have been "merely cumulative [sic] information that the jury had already heard." (*Id*. at Part III.) Because this Decision and Order is intended primarily for the review of the parties, the Court will not recite the findings made by Magistrate Judge Baxter, and the reasons for those findings, in more detail, but will merely refer the reader to that Report-Recommendation in its entirety.

### C. Petitioner's Objection to the Report-Recommendation

On October 30, 2013, Petitioner filed his Objection to the Report-Recommendation. (Dkt. No. 19.) Generally, in his Objection, Petitioner asserts the following four arguments: (1) an argument that Magistrate Judge Baxter erred through his "wholesale adoption" of Respondent's factual assertions and legal arguments; (2) an argument that Magistrate Judge Baxter erred by failing to properly review Petitioner's legal arguments and apply the legal standard governing procedural defaults; (3) an argument that Magistrate Judge Baxter erred by misapplying the law governing Petitioner's argument that, although he received a reduced sentence, his trial counsel failed to raise and preserve statutory law, and appellate counsel failed to raise this failure on appeal, which would have led to a "full reversal" and the dismissal of the indictment as "legally insufficient"; and (4) an argument that Magistrate Judge Baxter erred by failing to adequately review all of the facts in the record and by merely adopting Respondent's "background info" and proffered trial testimony, specifically with respect to testimony surrounding Petitioner's signed confession. (*Id*.)

3

## II.    APPLICABLE LEGAL STANDARDS

### A.    Standard of Review

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could

---

[1]    *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]    *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

[3]    *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**B.      Standard Governing Review of Petitioner's *Habeas* Petition**

Magistrate Judge Baxter has recited the correct legal standard governing review of Petitioner's *habeas* petition pursuant to 28 U.S.C. § 2254(d). (Dkt. No. 16, at Part II.A.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

**III.      ANALYSIS**

For the sake of brevity, the Court will assume that the first challenge made by Plaintiff to the Report-Recommendation is specific, rather than merely general, in nature. *See, supra,* Part I.C. of this Decision and Order. As explained above in Part II.A. of this Decision and Order, each of the four portions of the Report-Recommendation challenged by Plaintiff's Objection must be subjected to a *de novo* review. After carefully reviewing the relevant filings in this action, the Court can find no error in those portions of the Report-Recommendation: Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*See generally* Dkt. No. 16.) The Court rejects each of Plaintiff's four

---

[4]      *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

challenges as unsupported by the record, immaterial to his claims, and/or contrary to the law.

The remaining portions of Magistrate Judge Baxter's Report-Recommendation are entitled to only a clear-error review. *See, supra,* Part II.A. of this Decision and Order. After carefully reviewing the relevant filings in this action, the Court can find no clear error in the remaining portions of the Report-Recommendation. (*Id.*)

As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein. (Dkt. No. 16.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 16) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Petition (Dkt. No. 1 ) in this matter is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the Petition as Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: February 25, 2014
        Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge